UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:13 CR 502 AGF ) |
| BRIAN HEMPHILL, | ) ) |
| Defendant. | ) |

## DEFENDANT HEMPHILL'S SENTENCING MEMORANDUM

### Introduction

Defendant BRIAN HEMPHILL ("Hemphill") submits his Sentencing Memorandum to assist the Court in its determination of a sentence that is **sufficient, but not greater than necessary** to promote the goals Congress established when it enacted Title 18, United States Code, § 3553(a)(2). Based on the history and characteristics of this Defendant, and the nature and circumstances of the offense of conviction, together with all the other factors provided in § 3553(a)(2), Defendant Hemphill requests this Court to impose a term of incarceration of not more than twenty-four (24) months and a term of supervised release of not more than two (2) years.

Pursuant to the Plea Agreement, the Government agreed that the Defendant may request a sentence below the United States Guidelines.

### Procedural Background

1.  On April 2, 2014, Hemphill pled guilty to a one Count Indictment for Felon in Possession. *See* Presentence Report (hereinafter referred to as "PSR"), Part A, The Offense, ¶ 1, p. 3.

2.      The conduct for which Defendant's entered his plea is likewise the subject matter of a pending charge in the Circuit Court of the City of St. Louis, bearing Case No. 1322-CR04343-01, **State of Missouri v. Brian Hemphill**, Unlawful Possession of a Firearm in violation of § 571.070 RSMo.[1]

3.      Defendant was arrested for the subject incident on September 9, 2013, and has remained confined to-date.  From September 9, 2013, through January 16, 2014, Defendant Hemphill was in State custody; he was transferred to Federal Custody on a Writ for the period January 17 – 23, 2014, and returned to State custody until April 1, 2014, when he was returned to Federal Custody and has remained so to-date.  At the time of his sentencing on July 8, 2014, Defendant will have been in custody for ten (10) months.

4.      At the time of his arrest on September 9, 2013, Defendant was also subject to a term of Supervised Release in **United States v. Brian Hemphill**, Case No. 02 CR 606 CAS, Conspiracy to Possess with Intent to Distribute Heroin, Cocaine and Cocaine Base for which he was originally sentenced to a term of 100 months on December 10, 2003. As is noted in the PSR, Defendant experienced difficulties in his term of Supervised Release and is now awaiting a revocation proceeding.[2]  *See* PSR, Part B, Criminal History, ¶ 47, p. 12.

5.      The Defendant concurs with the Probation Office's calculation of the applicable Guideline Range which results in a Total Offense Level of 17.  *See* PSR, Part A, Offense Level Computation, ¶ 28, p. 6.

---

[1] Defendant is scheduled for a change of plea on July 18, 2014, before the Hon. Jimmie Edwards.
[2] Judge Shaw has stayed the revocation proceedings until the resolution in this pending case.  Case No. 4:02CR00606 CAS (Document 728).

2

6.       Defendant is in a Criminal History Category III.  *See* PSR, Part B, Defendant's Criminal History Computation, ¶ 52, p. 14.

7.       The calculations for a Total Offense Level 17, Criminal History Category III, results in a Zone D Guideline range of 30 – 37 months.  *See* PSR, Part D, Sentencing Options, Custody, ¶ 79, p 17.

**Analysis**

Pursuant to the decisions of the Supreme Court in *United States v. Gall*, 552 U.S. 38 (2007) and *United States v. Kimbrough*, 552 U.S. 85 (2007), this Court is charged with the duty of imposing a sentence "sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in § 3553(a)(2):

(1)     to reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense;

(2)     to afford adequate deterrence to criminal conduct;

(3)     to protect the public from further crimes of the defendant;

(4)     to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The sufficient, but not greater than necessary requirement is often referred to as the "parsimony provision" – this requirement is not just another factor to be considered along with the others set forth in § 3553(a) – it sets an independent limit on the sentence.

In determining the sentence sufficient, but not greater than necessary to comply with the above enumerated factors of § 3553(a)(2), this Court must consider each of these factors but neither the statute nor any case law suggests that any one of these factors is to be given great weight than any other fact.

\* \* \* \* \*

As noted in the PSR, Defendant had a chaotic childhood and, as a consequence, his criminal history is marked by convictions relating to illegal drugs and alcohol as well multiple convictions for No Operator's License and No Insurance.  Despite his rather lengthy record, Defendant Hemphill possesses the ability and skills to maintain employment as evidenced by his employment at the Manchester Market.  See PSR, Part C, Employment, ¶ 72, p. 17.  Further, it should be noted that he possesses a valid driver's license which does not expire until November 28, 2017.

The PSR correctly reflects the financial status of Hemphill and indicates he has no ability to pay a fine. *See* PSR, Part C, Financial Condition, Ability to Pay,  ¶ 77, p. 17.

Hemphill, now 43 years of age, has spent a fair amount of his adult life incarcerated and finally now realizes that his past actions have only served to harm him and have stymied his life.  However, at age 43, he can still become a productive member of society.

As to this most recent incident, he has already spent almost 10 months incarcerated as a result of the incident of September 9, 2013, both in State and Federal custody.  Although he has spent far more time in State custody than in Federal custody, it is requested that **all** of his time served for the corollary pending State charge be credited to his Federal case inasmuch as the pending charges are nearly identical in that a person has been conviction of a felony shall not possess a firearm.[3]  To only allow Defendant credit for his time in Federal custody is unfair and would serve no useful purpose other than to penalize him for a nearly identical charge in the State system.

---

[3] RSMo. § 571.070 states:  A person commits the crime of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and (1) Such person has been convicted of a felony under the laws of this state or the United States which, if committed within this state, would be a felony.

4

**Conclusion**

For the forgoing reasons, Defendant requests that this Honorable Court order:

(1) That Defendant be credited for all his time served for both the instant case and that of *State of Missouri v. Brian Hemphill*, Case No. 1322-04343-01;

(2) A sentence of incarceration of not less than twenty-four (24) months, to be followed by a term of supervised release of not more than two (2) years;

(3) That his time in the instant case would be run concurrent with that of *State of Missouri v. Brian Hemphill*, Case No. 1322-CR04343-0, Unlawful Possession of a Firearm;

(4) That his time in the instance case be run concurrent with *United States v. Brian Hemphill*, Case No. 4:02CR00606 CAS;

(5) That this Court recommend placement in a facility as close as possible to the metropolitan St. Louis area;

(6) That this Court recommend placement in an appropriate drug treatment program available by the Bureau of Prisons;

(7) That the fine be waived because Defendant has a negative net worth and absolutely no assets with which to pay a fine;

(8) That Defendant is ordered to pay the special assessment of $100 forthwith;

(9) For such other Orders as the Court deems just and proper.

        Respectfully submitted,

/S/ ***JoANN TROG***
JoANN TROG        42725MO
Attorney for Defendant
121 West Adams Avenue
St. Louis, Missouri 63122
Telephone:  (314) 821-1111
Fax:  (314) 821-9798
E-Mail:   Jtrogmwb@aol.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 1st day of July, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by e-mail by counsel on Patrick T. Judge, Sr., Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

    I hereby certify that on the 1st day of July, 2014, a copy of the foregoing was served by e-mail by counsel on Tracy A. Leverenz, United States Probation Officer, United States Probation Officer, 111 South 10th Street, Suite 2.325, St. Louis, Missouri 63102.

        /S/ ***JoANN TROG***